FILED 56
Honorable James I. Spainhower State Treasurer Room 229, State Capitol Building Jefferson City, Missouri 65101
Dear Mr. Spainhower:
This is in reply to your request for an opinion of this office concerning the validity of so-called "open-ended" appropriations to state departments and agencies.
Examples of such appropriations read as follows:
"Section 4.265. To the Office of Administration
 "For apportionment to the several counties and the City of St. Louis all amounts accruing to the General Revenue Fund from the County Stock Insurance Tax
 "From General Revenue (Estimate $180,000)" (House Bill No. 4, First Regular Session, 78th General Assembly)
 "Section 4.595. To the Department of Labor and Industrial Relations
 "All moneys received from the federal government, or any agency thereof, or from any other source, deposited in the State Treasury for the use of the Department of Labor and Industrial Relations and the Division of Employment Security, including the operation and maintenance of a system of free public employment offices in this state in conjunction with the federal government
 "From the Unemployment Compensation Administration Fund (Estimate $60,000,000)" (House Bill No. 4, First Regular Session, 78th General Assembly)
 "Section 6.050. To the Department of Social Services
"For the Division of Special Services
 "All allotments, grants and contributions which may be received from the federal government under the provisions of the Comprehensive Employment and Training Act of 1973
 "From Federal Funds" (House Bill No. 6, First Regular Session, 78th General Assembly)
Your question is whether such appropriations meet the requirement of Section 23, Article IV, Constitution of Missouri, as to "amount" reading in pertinent part:
 ". . . Every appropriation law shall distinctly specify the amount and purpose of the appropriation without reference to any other law to fix the amount or purpose."
See also State ex inf. Danforth v. Merrell, 530 S.W.2d 209 (Mo.Banc 1975); however, this case does not address the issue of what constitutes specifying an "amount," nor have we found any Missouri cases ruling on this issue.
First, we note the longstanding general practice of the legislature in appropriating to virtually every department in such manner. However, we do not have to rely on such legislative practice to presume validity (see Atkins v. State Highway Department, 201 S.W. 226,231 (Tex.Civ.App. 1918)) for it has been held in numerous states that such appropriations are valid as to amount for the amount is capable of ascertainment so that the executive officers of the government are authorized to use certain money and no more for the purposes stated. It is not essential that an appropriation should be for an amount definitely ascertainable prior to the appropriation so long as the amount is ascertainable as the appropriation is carried into effect. An appropriation of all the money in a fund, or coming into a fund, is valid for such amount is definitely ascertainable. All that is necessary is that the legislature fix the extent to which the treasury will be drawn upon. See Atkins v. State Highway Department, supra; Scougalev. Page, 106 S.W.2d 1023, 1032 (Ark. 1937); Leonardson v. Moon,451 P.2d 542, 550 (Idaho 1969); Cox v. Bates, 116 S.E.2d 828, 837-838
(S.C. 1960); Orbison v. Welsh, 179 N.E.2d 727, 736 (Ind. 1962); Blackv. Oklahoma Funding Bond Commission, 140 P.2d 740, 745 (Okla. 1943);Riley v. Johnson, 27 P.2d 760, 763 (Calif. 1933). It is when an appropriation is made out of a general fund from which other appropriations are made and is subject to unlimited withdrawals out of the general fund that violates the requirements of specificity of amount. See McConnel v. Gallet, 6 P.2d 143 (Idaho 1931).
Thus, after comparing these cases and applying the rules set out, it is readily apparent that in each of the appropriations quoted above, specific amounts are capable of ascertainment. There is no situation where the recipient of the appropriation has discretion as to maximum amount from a general fund. Thus, the legislature has performed its duty of determining the amount to be expended for the purposes stated. It is our opinion, therefore, that such appropriations, as set out above, meet the requirement as to specificity of amount. Furthermore, see Opinion No. 24 of this office to Donnell dated July 22, 1941 (copy enclosed), reaching the same result as to a similar appropriation.
You then ask that if these so-called "open-ended" appropriations are valid, are the estimated amounts sometimes stated in "open-ended" appropriations, as illustrated in Section 4.265 of House Bill No. 4, First Regular Session, 78th General Assembly, maximum amounts that must be adhered to. We have already addressed this question in Opinion No. 213, 1974, to Christopher S. Bond (copy enclosed), in which we held the word "estimate" had no legal significance and that such estimated amounts were not limitations on the appropriations. We see no reason to change this opinion as to the appropriations quoted above. This issue is one of legislative intent; and, if estimated amounts were maximum limitations, then such would directly conflict with the clear language that all of certain moneys were appropriated. We cannot ascribe to the legislature an intent giving rise to such conflict.
CONCLUSION
It is, therefore, the opinion of this office that Section 23, Article IV, Constitution of Missouri, does not require that an appropriation must be stated as a specific dollar amount but only requires that the amount be capable of ascertainment; and, therefore, so-called "open-ended" appropriations, as illustrated by Sections 4.265 and 4.595 of House Bill No. 4, First Regular Session, 78th General Assembly, and Section 6.050 of House Bill No. 6, First Regular Session, 78th General Assembly, are valid. Furthermore, the practice of stating estimated amounts with "open-ended" appropriations, as illustrated by Section 4.265 of House Bill No. 4, First Regular Session, 78th General Assembly, does not constitute maximum limitations which must be adhered to.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Walter W. Nowotny, Jr.
Yours very truly,
 JOHN C. DANFORTH Attorney General
Enclosures: Op. No. 213 5-10-74, Bond
 Op. No. 24 7-22-41, Donnell